**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4599**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM ISOM SATTERWHITE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:12-cr-00332-CMC-1)

Submitted:  January 23, 2014          Decided:  January 27, 2014

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.  Nancy Chastain Wicker, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Isom Satterwhite appeals his conviction and the 180-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2012). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that there are no meritorious issues for appeal, but questions whether the district court complied with Federal Rule of Criminal Procedure 11 in accepting Satterwhite's guilty plea, whether Satterwhite was properly classified as an armed career criminal, and whether the sentence is reasonable. Satterwhite was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief. We affirm.

Because Satterwhite did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Satterwhite] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Satterwhite satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court]

2

should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). Our review of the record leads us to conclude that the district court complied with Rule 11 in accepting Satterwhite's guilty plea, which was entered knowingly and voluntarily.

This court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In evaluating procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence supported by the record, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. If the sentence is free of procedural error, the court reviews it for substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. This court presumes that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Moreover, a statutorily required sentence is per se

reasonable.  United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

A defendant is subject to an enhanced sentence as an armed career criminal when he violates 18 U.S.C. § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses.  18 U.S.C. § 924(e)(1) (2012).  A violent felony is a conviction punishable by more than one year of imprisonment for a crime that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  In this case, the presentence investigation report included three prior convictions of burglary in South Carolina and one conviction for strong-arm robbery in Florida as predicate convictions for violent felonies.  We have previously held that convictions under South Carolina's burglary statute are violent felonies under § 924(e).  United States v. Wright, 594 F.3d 259, 266 (4th Cir. 2010).  Thus, Satterwhite was correctly classified as an armed career criminal.  We conclude that the sentence is procedurally reasonable.

The sentence is also substantively reasonable, as the district court could not have imposed less than the statutory

4

mandatory minimum sentence, which is also within the properly calculated Guidelines range. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) (absent government motion for departure for substantial assistance under § 3553(e), district court has no discretion to sentence below statutory minimum).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Satterwhite's conviction and sentence. This court requires that counsel inform Satterwhite, in writing, of the right to petition the Supreme Court of the United States for further review. If Satterwhite requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Satterwhite.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED